# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

| | | |
|---|---|---|
| Iasia Owens | ) | |
| Plaintiff | ) | CIVIL ACTION NO. 8:21-cv-319-MSS-AAS |
| Vs. | ) | |
| BRIDGECREST. | ) | |
| Defendant | ) | |

## AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1. This action is for damages brought by the plaintiff for defendant's violations of 15 usc 1692e. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Truth In Lending Act, (hereinafter "TILA") which protects consumer transactions.
2. Plaintiff seeks to recover monetary damages for Defendant's violation of the "FDCPA", "TILA" and an injunction issued by this court preventing the Defendant from continuing its violative behaviors.
3. Service may be made upon Defendant in any other district in which it may be found pursuant to 28 U.S. Code 113

## JURISDICTION AND VENUE.

4. Jurisdiction of this court arises under 15 U.S.C. 1601, and 15 U.S.C 1692. Venue is proper before this court pursuant to 28 U.S.C. 113 and 15 U.S.C 1692, where the acts and transactions giving rise to Plaintiff's action occurred in this district, where plaintiff resides in this district, and/or where Defendants transacts business in this district.

## PARTIES

5. Iasia Ebony Owens ("Plaintiff"), is a natural person residing in Hillsborough County.
6. Plaintiff is a natural person and a consumer as defined under the FDCPA(15 USC 1692a(3).

Defendant, Bridgecrest is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from plaintiff, as defined by 15 U.S.C. 1692a(5) Defendant is a "debt collector"

## FACTUAL ALLEGATIONS.

7. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.
8. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.
9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant(s) is involved in the extension of consumer credit.

11. In connection with the alleged debt, Defendant failed to provide proper disclosures and notices, (Notice of the right to RESCIND and CLOSING DISCLOSURES) required under (TILA). Defendant(s) placed "Vehicle Return Agreement" (see exhibit "A") on the alleged agreement disregarding the law. Upon this consumer extensive investigation and research, this consumer discovered that when initiated a consumer credit transaction with CARVANA to apply and obtain an extension of "CREDIT" by and through a "CREDIT APPLICATION", for this consumer goods purchase, the dealership subsequently submitted a "LOAN APPLICATION" in my name (Identity Theft) resulting in CARVANA

receiving an "ADVANCE" (LOAN) in this consumers name establishing an asset account, from CARVANA in return for the assignment of the retail contract (Credit Sale) to BRIDGECREST for deposit into a "LOAN POOL" in turn having the consumer pay back pure profit and covering depreciation.

12. BRIDGECREST criminal behavior and conduct, deceptive, and misleading documentation and practices, changed the identity of my private consumer transaction into a public commercial transaction for CARVANA and BRIDGECREST profit and gain.

## COUNT I – FDCPA

13. Plaintiff repeats and realleges each and every allegation contained above.

14. Defendants aforementioned conduct violated the FDCPA.

WHEREFORE, plaintiff prays for relief and judgement, as follows:

a) Adjudging that defendant violated the FDCPA;
b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. 1692k in the amount of $300,000
c) Awarding plaintiff actual damages, pursuant to 15 U.S.C. 1692k.
d) Awarding plaintiff's title be released lien free and be compensated for all past payments made toward this alleged debt.
e) Awarding such other and further relief as the court may deem just and proper.

## COUNT II- TILA

15. Plaintiff repeats and realleges each and every allegation above.

16. Defendant violated TILA in one or more of the following ways:

f. Knowingly and willfully withholding information from a consumer in a consumer credit transaction. 15 U.S.C 1611
g. Taking cash in a consumer credit transaction in which a finance charge was involved 15 U.S.C 1605

WHEREFORE, Plaintiff prays for relief and judgement, as follows:

h. Adjudging that defendant violated TILA
i. Awarding plaintiff any pre-judgement and post judgement interest as may be allowed under law;
j. Awarding such other and further relief as the court may deem just and proper.

Respectfully Submitted,

Signature _____

Iasia Ebony Owens

5138 Flowing Oar Rd

Wimauma, Florida 33598